IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELIGHA BOWIE III                                                              PLAINTIFF

v.                                                                        No. 4:21CV15-DAS

M.D.O.C., ET AL.                                                            DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Eligha Bowie, III, who

challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison

Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The

plaintiff alleges that he was wrongly found guilty of a prison rule violation, for which he was punished

with 60 days loss of all privileges. In addition, as a result of the guilty finding, he was reclassified and

placed in more restrictive housing. For the reasons set forth below, the instant case will be dismissed

for failure to state a claim upon which relief could be granted.

### Allegations

On August 29, 2020, the plaintiff was housed at the Mississippi State Penitentiary in Unit 30-

C Building in the general population. He was moved with three other inmates to Unit 29, where he

received a notice that he was being detained in Administrative Segregation pending his transfer. He

was returned to the General Population on August 31, 2020. On September 2, 2020, he received

another detention notice that he was being placed in Administrative Segregation pending investigation

for gang activity while he was housed in Unit 30. He received Rule Violation Report # 1733 for this

alleged infraction. After a hearing, he was found guilty of the infraction; his punishment was 60 days

loss of all privileges. However, as a result of the guilty finding, the housing staff reduced his custody

level, and he was placed in more restrictive custody, where he remains. The plaintiff alleges a variety

of administrative errors during the investigation, hearing, and subsequent review. The plaintiff also alleges that he did not commit the infraction and that no evidence supported the guilty finding. As relief, he seeks expunction of the Rule Violation Report from his prison record and restoration of his less restrictive custody level. He also seeks money damages for each day he has been in more restrictive custody.

### No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 60 days loss of all privileges. Such punishment clearly fell "within the expected parameters of the sentence imposed by a court of law"

and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. Even if the court were to consider the administrative decision to reduce the plaintiff's custody level as punishment, changes in custody level are also a normal part of prison life. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

      **SO ORDERED**, this, the 5th day of October, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE